HUSBAND AND WIFE—CONTRACTS OF MARRIED WOMEN.
    To render a married woman liable for goods purchased by her on credit, it is not necessary that she should expressly charge her separate estate.

Appeal from Queens county court.
Action by Diedrich Von Mallen against Carl Fuhrman, as executor of Emily Fuhrman, deceased, to recover the value of groceries and provisions sold testatrix.   There was judgment for plaintiff.   Defendant appeals.
Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
*L. N. Manley,* for appellant.   *Matthew Marx,* for respondent.

BARNARD, P. J.   The proof shows that the deceased, Emily Fuhrman, being a married woman, bought the goods of the plaintiff upon her express promise to pay for the same, and upon the assurance that she owned real estate, and would pay for what she got.   Payments were made on her account, and in May, 1882, there was a balance struck in the cash-book of deceased at $47.77.   The account ran on until May, 1885, when a new balance of $73.13 was struck, deducting all payments.   Subsequent payments reduced the claim to $58.43.   When the married woman buys property, she benefits her estate by the addition of the amount of the purchase, and she is obliged to pay for the purchase price for that reason.   It is not necessary for her to expressly charge her separate estate.   In addition to this bill, one Miller was proven to have assigned to plaintiff a small balance of seven dollars.   The proof shows that Mrs. Fuhrman bought the goods, and promised to pay for the same.   The judgment should therefore be affirmed, with costs.   All concur.

---

### CHASE v. NICHOLS.

*(Supreme Court, General Term, Second Department.   May 12, 1890.)*

1. SALE—BREACH OF WARRANTY—MEASURE OF DAMAGES.
    When buying a horse from defendant, plaintiff's attention was called to a defect on its hind legs, which defendant said was natural.   The sale was not concluded at that time.   A day or two afterwards an employe of defendant brought the horse to plaintiff, and agreed that, if it went lame on account of the defect, there should be no sale.   Plaintiff took the horse, which went lame from the defect.   *Held,* that defendant was bound by the warranty, and that the measure of damages for the breach thereof was the depreciation in value because of the defect.

2. APPEAL—HARMLESS ERROR.
    Error in the admission of evidence of the employe in proof of his agency was cured by proof of statements by defendant that the employe was authorized to warrant against the defect.

   Appeal from Dutchess county court.
Action by Elmer Chase against Albert E. Nichols, originally brought in a justice's court and taken by appeal to the county, where there was a verdict and judgment for plaintiff.   Defendant appeals.
Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
*W. R. Lee,* (*W. I. Thorn,* of counsel,) for appellant.   *Hackett & Williams,* for respondent.

BARNARD, P. J.   The cause of action was fully proven.   The complaint averred a general and a special warranty of a horse upon a sale by defendant to plaintiff.   The proof showed that the plaintiff examined the horse in the

presence of defendant. The defendant called the attention of the plaintiff to a defect apparent on the hind legs of the horse, which he said was natural; that the horse "was born that way." The sale was not concluded at that time. A day or two after, one Casno, an employe of the defendant, brought the horse to plaintiff. The plaintiff declined to buy on account of the defect in the hind legs; "that he was afraid the joints were weak." Casno thereupon warranted and agreed that, if the horse went lame on account of this defect, it should be no sale. The price was agreed upon, and the plaintiff took the horse, which went lame from the defect within the six months.

It was improper to receive evidence of the agent, Casno, in proof of his own agency. *Starin* v. *Genoa*, 23 N. Y. 439. The defect was cured, however, by the other evidence. The defendant was proven to have said that Casno was authorized to warrant against the curb, which the defect was said by experts to be. The defendant was told what Casno had said about warranting against the defect, and did not deny his authority. The defendant, when asked to make reparation, said he would inquire of Casno what he had undertaken on the sale, and see the plaintiff in respect to a settlement. All this established the warranty. It was an erroneous ruling against the defendant to repeat the questions put to defendant, whether had authorized Casno to warrant against the lameness, or to warrant at all. The ruling was cured, and the defendant was permitted to detail the instructions he gave to Casno.

The measure of damage was the depreciation in value by means of the defect. This would be ascertained by proof of the value of the horse as he was, and as he would have been if the defect did not exist. Such proof was given by witnesses who knew the value of horses, as appeared by their testimony. The judgment should therefore be affirmed, with costs.